IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUSAN M. FRAHM, Personal
Representative of the ESTATE OF
JOHN A. FRAHM and BLUE CROSS
AND BLUE SHIELD OF MICHIGAN,

                                        ORDER

             Plaintiffs,

                                      07-cv-364-bbc

      v.

MARSHFIELD CLINIC and
INJURED PATIENTS AND
FAMILIES COMPENSATION FUND,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Susan M. Frahm brought this lawsuit as the personal representative of the estate of her late husband, John Frahm. She alleges that doctors who practice at defendant Marshfield Clinic were negligent in their care of her husband and that this negligence led ultimately to his death. In her complaint, plaintiff alleges that her damages total more than $75,000 and that the parties are of diverse citizenship, providing a basis for jurisdiction under 28 U.S.C. § 1332.

      Although the parties have nearly finished briefing a motion for summary judgment by defendant Injured Patients and Families Compensation Fund and trial is approximately

1

three months away, plaintiff recently filed a motion to consolidate this case with case number 08-cv-201-bbc. In that case, filed in this court on April 8, 2008, plaintiff has raised nearly identical claims of negligence against Doctors Seth Fagbemi and Stuart Tipping, the doctors at the Marshfield Clinic who treated her husband. Defendant Marshfield Clinic supports plaintiff's motion to consolidate and the other parties have taken no position.

It is puzzling that plaintiff did not take action to add the doctors as defendants far earlier in this lawsuit. Plaintiff has offered no explanation for her delay; had she moved to amend her complaint at an appropriate time, she almost certainly would have been granted leave to do so. Now it is too late for that, and she is instead attempting an end-run of the procedural rules by filing a nearly identical lawsuit and arguing for consolidation. A small amount of advance planning would have avoided the need to put the case on hold while the doctors are brought up to speed. That said, it would make little sense and be a great waste of resources for nearly identical cases to proceed along separate tracks. Therefore, I will grant plaintiff's motion to consolidate case numbers 07-cv-364-bbc and 08-cv-201-bbc and direct that a scheduling conference be held as soon as practicable.

One final matter requires attention. As noted above, on April 2, 2008, defendant Injured Patients and Families Compensation Fund filed a motion for summary judgment in which it argued that it could not be liable for any judgment against defendant Marshfield Clinic because it does not provide coverage for Marshfield Clinic arising from "acts or

2

omissions" of separate health care providers, in this case Drs. Fagbemi and Tipping. Defendant Injured Patients and Families Compensation Fund does not argue that it could not be liable for any judgment against the doctors themselves. Therefore, when the cases are consolidated, the pending motion for summary judgment will be moot, as defendant Marshfield Clinic contends and none of the other parties deny. The motion for summary judgment will be denied without prejudice to refiling by defendant Injured Patients and Families Compensation Fund should defendant believe such a motion would be dispositive.

ORDER

IT IS ORDERED that plaintiff Susan Frahm's motion to consolidate cases numbered 07-cv-364-bbc and 08-cv-201-bbc is GRANTED. The clerk of court is directed to set a new scheduling conference before the magistrate judge for the purpose of setting new deadlines in the consolidated case. The motion for summary judgment of defendant Injured Patients and Families Compensation Fund is DENIED WITHOUT PREJUDICE.

Entered this 30th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3